IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALTON KORZENDORFER,** | : | CIVIL ACTION NO. 3:24-CV-2275 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **SUPERINTENDENT MCGINLEY,** | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254.  Petitioner, Alton Korzendorfer, challenges a 2023 criminal conviction imposed by the Dauphin County Court of Common Pleas.  We will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.   Factual Background & Procedural History**

Korzendorfer was found guilty of failure to register in violation of 18 Pa.C.S. § 4915.2 on November 8, 2023, and was sentenced to one and a half to five years of imprisonment.  See (Doc. 1); Commonwealth v. Korzendorfer, No. CP-22-CR-0002952-2023 (Dauphin Cnty. Ct. Com. Pl. filed July 27, 2023).  He filed the instant

case on December 31, 2024, to challenge the conviction and sentence. The case was reassigned to the undersigned on January 21, 2025.[1] (Doc. 1).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387

---

[1] Korzendorfer's petition names as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. (Doc. 1). The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office. The proper respondent in a habeas corpus action, however, is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent in the initial petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Dismissal of this case under Rule 4 is appropriate for failure to exhaust state court remedies. Korzendorfer acknowledges in his petition that he has not exhausted state court remedies and states that his failure to exhaust is because the "constitutional issues were not readily available and just recently became available." (Doc. 1 at 5, 7, 9-10). A review of the docket in Korzendorfer's underlying criminal case confirms that he has not exhausted state court remedies by appealing his claims for review to the Pennsylvania Superior Court. See Korzendorfer, No. CP-22-CR-0002952-2023.

Petitioner's conclusory statement that his "constitutional issues were not readily available" does not appear to present a valid basis to excuse the exhaustion requirement. The court liberally construes the statement as asserting that petitioner has recently discovered evidence that was not known to him at the time of his conviction and that this newly discovered evidence provides a basis to invalidate his conviction or sentence. Pennsylvania's Post-Conviction Relief Act ("PCRA") allows petitioners to bring collateral challenges to their convictions based on such newly discovered evidence. See 42 Pa.C.S. § 9545. Thus, there is no basis to excuse the failure to exhaust state court remedies in this case and the court will accordingly dismiss the petition without prejudice for failure to exhaust state court remedies.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    February 5, 2025